UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| NEVER TELL FARM, LLC, | ) |
| Plaintiff, | ) Civil Action No. 03-461-JMH |
| v. | ) |
| AIRDRIE STUD, INC. and BLOOMING HILLS FARM, INC., | ) **MEMORANDUM, OPINION & ORDER** |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendants' motion to dismiss [Record No. 16]. Fully briefed, this matter is ripe for decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 22, 2003, in a complaint for specific performance and damages, Never Tell Farm, LLC ("Never Tell") alleged that Defendant, Airdrie Stud, Inc., ("Airdrie"), violated the terms of an applicable Syndicate Agreement in transferring majority ownership of the thoroughbred stallion, "YOU AND I," to Defendant, Blooming Hills Farm, Inc., ("Blooming Hills"). On January 15, 2004, this Court granted the Defendants Motion to Dismiss concluding that the terms of the Syndicate Agreement were complied with.

Never Tell appealed the January 15, 2004, order to the United States Court of Appeals for the Sixth Circuit. In reversing the grant of dismissal and remanding the case for further proceedings,

1

the Sixth Circuit found a latent ambiguity in §4.1 of the Syndicate Agreement, specifically in the term "acceptable offer." Accordingly, the Sixth Circuit held that this Court erred in denying Never Tell the opportunity to substantiate its construction of §4.1 through resort to extrinsic evidence.

## APPLICABLE STANDARD OF REVIEW

When reviewing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff." *Uttilla v. City of Memphis*, 40 F. Supp. 2d 968, 970 (W.D. Tenn. 1999)(quoting *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990)). In *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir. 1994), the Court of Appeals held that "[a] district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover." *Id.* The Supreme Court of the United States has determined that a complaint may be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. Spalding*, 467 U.S. 69, 73 (1984).

## ANALYSIS

Defendants are again before the Court asking it to dismiss Plaintiff's complaint for failure to state a claim on which relief can be granted. Reiterating that they do not believe the Syndicate Agreement is ambiguous, the Defendants acknowledge that the Sixth

2

Circuit Court of Appeals found that it was. Despite the ambiguity, Defendants argue that this Court should dismiss the action. Defendants base this argument on the premise that its construction of § 4.1 of the Syndicate Agreement is consistent with the intent of its drafters.

As stated by the Sixth Circuit, "Never Tell essentially contends that an offer is 'acceptable' within the meaning of § 4.1 only if it is *capable* of being accepted[,]" whereas, "Airdrie and Blooming Hills ... maintain that an offer is acceptable if it is *worthy* of being accepted." The Sixth Circuit went on to explain that, because both constructions are patently reasonable, it would be improper to dismiss Never Tell's claim based on the pleadings.

The Sixth Circuit having determined that the term "acceptable offer" is ambiguous, and clearly instructing this Court to allow Never Tell the opportunity to substantiate its construction of §4.1 through resort to extrinsic evidence,

**IT IS ORDERED**, that Defendants' motion to dismiss [Record No. 16] be, and the same hereby is, **DENIED.**

This the 19th day of July, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge